UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Wayne Oxendine, | Case No. 2:24-cv-03995-SAL-MGB |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Warden, Evans Correctional Institution, | |
| Respondent. | |

Petitioner Steven Wayne Oxendine, a former state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that the petition be summarily dismissed without requiring the Warden to file a response.

## BACKGROUND

At the time Oxendine originally filed this petition, he was serving a ten-year prison sentence at Evans Correctional Institution for assault and battery of a high and aggravated nature.[1] (*See* Case No. 2020-DI-26-00313.) Oxendine's petition offers only one ground for relief from this conviction: "Plaintiff/Petitioner pro-claims to release." (Dkt. No. 1 at 6.) The petition then directs the Court to the "Timeliness of Petition" section, where Oxendine references 19 U.S.C. § 1504,

---

[1] *See* Horry County Public Index, https://publicindex.sccourts.org/horry/publicindex/ (searching Indictment No. 2020-GS-26-03171) (last visited Sept. 6, 2024); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts).

which governs "limitation on liquidation" under the Tariff Act of 1930, 19 U.S.C. §§ 1202–1683. (*Id.* at 14.) More specifically, Oxendine cites the entirety of § 1675, which involves the "administrative review of determinations" under the Act. (*Id.* at 14–15, 17–18.) This is the extent of the petition.

On July 30, 2024, the undersigned issued an order notifying Oxendine his petition does not articulate a cognizable habeas claim as currently presented. (Dkt. No. 4 at 2.) Nevertheless, the undersigned recognized that, as a *pro se* petitioner, Oxendine "may have misstated his argument here" and therefore afforded him twenty-one days, plus three days for mail time, to file an amended petition that cured the pleading deficiencies in his original filing. (*Id.*) The undersigned warned Oxendine that if he failed to file an amended petition within the time permitted, this action would be summarily dismissed. (*Id.*) As part of this order, the undersigned also directed Oxendine to "keep the Clerk of Court advised in writing (P.O. Box 835, Charleston, South Carolina 29402) if [his] address change[d] for any reason, so as to assure that orders or other matters that specif[ied] deadlines for [him] to meet [would] be received by [him]." (*Id.*) The undersigned emphasized that if Oxendine failed to meet a deadline set by this Court for lack of proper address, his case would likewise be dismissed. (*Id.* at 2–3.)

The undersigned's order (Dkt. No. 4) was returned as "undeliverable" on August 19, 2024, with a stamp on the envelope indicating that Oxendine is no longer incarcerated at Evans Correctional Institution. (Dkt. No. 7.) A brief search of the South Carolina Department of Corrections' inmate database suggests that Oxendine has been released from State custody.[2] Unfortunately, Oxendine did not notify the Clerk of Court of this change, nor has he made any

---

[2] See Inmate Search, https://doc.sc.gov/inmate-search-disclaimer (searching "Steven Oxendine") (last visited Sept. 5, 2024); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), aff'd, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that courts may also take judicial notice of factual information located in postings on government websites).

attempt to contact the Court with a new mailing address.[3] As a result, the Court's initial review of this matter remains limited to those claims raised in the original petition. (Dkt. No. 1.)

## STANDARD OF REVIEW

Under the established local procedure in this judicial district, a careful review has been made of the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Oxendine is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, this case must be dismissed; if not, the Warden must respond to the petition. *Id.* Because Oxendine is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Such is the case here.

## DISCUSSION

It is well-established that "*pro se* litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law. . . ." *Beaudett v. City*

---

[3] While Oxendine did not receive the undersigned's order to notify the Clerk of Court of any changes to his address (Dkt. No. 4), he is very familiar with this warning, as it is included in all of the undersigned's initial review orders involving *pro se* plaintiffs. Indeed, Oxendine has received this warning in multiple cases: *Oxendine v. Warden of Evans C.I.*, No. 2:24-cv-3716-SAL-MGB, Dkt. No. 3; *Oxendine v. Governor, State of South Carolina*, No. 2:23-cv-160-SAL-MGB, Dkt. No. 3; and *Oxendine v. Johnson*, No. 2:20-cv-1507-SAL-MGB, Dkt. No. 6.

*of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). However, as the undersigned previously explained (Dkt. No. 4 at 2), "a district court is not obligated to ferret through a [pleading] . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Bell v. Bank of Am., N.A.,* No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (internal quotation marks and citations omitted). Nor is the court required "to cobble together the facts" of the pleading or "discern the unexpressed intent of the plaintiff." *Campbell v. StoneMor Partners, LP*, No. 3:17-cv-407, 2018 WL 3451390, at *2, 4 (E.D. Va. July 17, 2018), *aff'd*, 752 F. App'x 166 (4th Cir. 2019); *see also Beaudett*, 775 F.2d at 1278 (explaining that federal courts are not required to serve as "mind readers" or advocates for *pro se* litigants when construing their pleadings). Here, Oxendine does not explain how his bare citations to the Tariff Act apply to his state criminal conviction and/or entitle him to habeas relief under 28 U.S.C. § 2254. Thus, absent further explanation, the undersigned simply cannot discern a coherent, intelligible claim for habeas relief from Oxendine's confused petition.

## CONCLUSION

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Oxendine's petition without requiring the Warden to respond and without further leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 10, 2024
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).