IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Wayne Oxendine, | C/A No. 2:24-cv-3995-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden, Evans Correctional Institution, | |
| Respondent. | |

Petitioner Steven Wayne Oxendine ("Petitioner"), a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254. Petitioner initiated this action in July 2024 by filing a § 2254 petition challenging his ten-year prison sentence for assault and battery of a high and aggravated nature. [ECF No. 1.] On July 30, 2024, Petitioner was notified of the insufficiencies of his complaint and was afforded twenty-one days, plus three days for mail time, to file an amended petition to cure the pleading deficiencies. [ECF No. 4.] Petitioner was specifically told to update the Clerk of Court for any address changes to avoid case dismissal. *Id.* However, the Petitioner's order was returned as "undeliverable" on August 19, 2024, stating Petitioner was no longer incarcerated at Evans Correctional Institution. *See* ECF No. 7. Petitioner never notified the Clerk of Court of his address change, and it appears he has been released from state custody. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of Petitioner's action without prejudice. [ECF No. 9.] Attached to the Report was a notice advising Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. Plaintiff has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error and **ADOPTS** the Report, ECF No. 9. For the reasons discussed above and in the Report, Petitioner's § 2254 petition is **DISMISSED without prejudice and without requiring the Warden to respond.**

**IT IS SO ORDERED.**

October 24, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge